UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| ALBERTO RAUL GARCIA, ) | |
| ) | |
| Petitioner, ) | Civil No. 16-42-HRW |
| ) | |
| V. ) | |
| ) | |
| JODIE L. SNYDER-NORRIS, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Alberto Raul Garcia is confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without an attorney, Garcia has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge his prison disciplinary conviction for participating in an unauthorized meeting.[1] [D. E. No. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules

---

[1] Garcia named the warden at FCI-Ashland as the respondent in this proceeding. The Court will substitute Warden Jodie L. Snyder-Norris as the respondent pursuant to *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Garcia's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On the evening of August 17, 2015, there was a meeting between two gangs, the Laredo Tangos and the Solanos, in the recreation yard to discuss seating arrangements in the food service area. When the meeting turned into a standoff, the prison was placed on lockdown due to a threat of violence between the groups. On September 14, 2015, an internal investigation concluded that Garcia was an active participant in the meeting, and he was issued an Incident Report charging him with Participating in an Unauthorized Meeting, a minor Code 315 offense. [D. E. No. 1-1 at 1]

At a September 17, 2015, hearing before the Unit Disciplinary Committee ("UDC"), Garcia told the UDC that Captain Barbie had ordered him to participate in the meeting in order to avoid a confrontation. Nonetheless, the UDC found Garcia guilty of the offense, and sanctioned him with the loss of 60 days commissary and phone privileges. *Id.* Garcia did not lose any good time credits as a result of the disciplinary conviction.

In his petition, Garcia asks the Court to expunge the disciplinary conviction from his record because he claims that he was not given prior notice of the UDC hearing and the Hearing Officer did not check with Captain Barbie regarding Garcia's contention that he was ordered to attend the meeting. [D. E. No. 1 at 3]

The Court must deny Garcia's petition because his claims may not be pursued in a habeas corpus petition under § 2241 and because he has failed to allege any substantive basis for relief. A petition filed under 28 U.S.C. § 2241 is designed to serve as a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. The disciplinary sanctions imposed by the UDC here do not affect the duration of Garcia's imprisonment. Because his claim, even if successful, would not result in his release or a shorter sentence, it does not sound in habeas. Cf. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005); *Levi v. Holt*, 192 F. App'x 158, 160 (3d Cir. 2006); *Stokes v. Cross*, No. 13-998-CJP, 2014 WL 503934, at *2 (S.D. Ill. Feb. 7, 2014) ("A petition for a writ of habeas corpus is the proper vehicle for a prisoner's claims if the prisoner is challenging the fact or duration of his confinement, and seeking an immediate or speedier release. ... Put differently, if the prisoner is not seeking release, or release is not available as a remedy to the prisoner's claims, then his challenge can only

concern the conditions of his confinement ... not the fact of his confinement. As such, he may not proceed with a habeas petition.").

Second, when a prison disciplinary board takes action that results in the loss of good time credits in which the prisoner has a vested liberty interest, the Due Process Clause requires prison officials to observe certain protections for the prisoner, including advanced notice of the charges, the opportunity to present evidence in his or her defense, whether through live testimony or documents, and a written decision explaining the grounds used to determine guilt or innocence of the offense. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). But here, Garcia did not lose good time credits, and hence is not entitled to these protections because the sanctions imposed did not impose atypical hardships different from the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 486 (1995); see also *Sarmiento v. Hemingway*, 93 F. App'x 65, 66 (6th Cir. 2004); *Gilliam v. Holt*, 188 F. App'x 79, 80-81 (3d Cir. 2006) ("Gilliam's challenges to the loss of privileges, his transfer, placement in the special housing unit, and the processing of other prisoners do not implicate the fact or length of his sentence. Thus, the District Court properly declined to address these matters."); *Thomas v. Quarterman*, 272 F. App'x 406, 408 (5th Cir. 2008); *Torres v. Fauver*, 292 F.3d 141, 150-51 (3d Cir. 2002); *Boyce v. Ashcroft*, 251 F.3d 911, 914 (10th Cir. 2001).

Accordingly, **IT IS ORDERED** that:

1. Warden Jodie L. Snyder-Norris is **SUBSTITUTED** as the respondent in this proceeding.

2. Petitioner Garcia's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 19th day of May, 2016.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge